## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia,
Department of Taxation,
and Comptroller of Virginia

v.

Paul Nicolet
and Lisa Marie Croker

July 31, 2003

Case No. HQ-960-3

BY JUDGE T. J. MARKOW

The plaintiff, Commonwealth of Virginia, Department of Taxation, asks this court to set aside a conveyance of real property by defendant, Paul Nicolet, to Lisa Marie Croker as being a transfer in fraud of the Commonwealth as a creditor.

Nicolet and Croker, though unmarried, had lived together since 1988. The home in which they lived is the subject of this case. It was owned by Nicolet. Both Nicolet and Croker contributed their earnings to the payment of the mortgage and to household expenses.

On November 12, 1999, Nicolet was indicted for having improperly obtained a tax refund from the Commonwealth of over $2,000,000.

By deed of December 10, 1999, Nicolet conveyed title to the house to Nicolet and Croker as "tenants by the entireties with the right of survivorship as at common law." Nicolet and Croker did not marry until October 1, 2001.

Since this case was initiated, the defendants, with the concurrence of the Commonwealth, sold the property and have deposited the proceeds with the Clerk of this Court.

Nicolet concedes that the December 1999 conveyance created a tenancy in common as he and Croker were not married and that his half of the proceeds are to be paid to the Commonwealth.

Nicolet and Croker argue that the conveyance was an attempt to recognize Croker's contribution to the purchase and maintenance of the house. Both argue the intent was not to defraud the Commonwealth but to provide stability to Croker against Nicolet's uncertain future in light of the indictment.

Virginia Code Ann. § 55-80 prohibits transfers of property "with intent to delay, hinder, or defraud creditors." Section 55-81 of the Code declares that transfers without valuable consideration by an insolvent transferor are void as to existing creditors.

The plaintiff's burden of voiding a transfer under either of these statutes is by clear and convincing evidence.

Considering first Va. Code § 55-81, the court can easily find a conveyance without consideration and the existence of a debt to the Commonwealth as of December 10, 1999. (Parenthetically, defendants argue that the amount of the debt had not been determined at that time because the assessment of the tax did not come until later. That argument is not germane to whether § 55-81 of the Code was applicable. The provisions of that Section are applicable without knowledge of the amount of the debt as an intent is not required.) However, the Commonwealth has failed to carry the burden of proving a violation of Virginia Code § 55-81 as it produced insufficient evidence of Nicolet's insolvency as of December 10, 1999.

Proof that a transfer is void under Va. Code § 55-80 must be by clear and convincing evidence but may be carried by circumstantial evidence. By proof of "badges of fraud" the Commonwealth may establish a *prima facie* case. *Hyman* v. *Porter*, 75 Bankr. 56 (Bankr. E.D. Va. 1984).

Among the badges of fraud proved here are retention of an interest in the property by Nicolet; transfer to his intended wife; the high likelihood of the Commonwealth's litigating for payment; and the lack of consideration for the transfer. (The deed recited as consideration "love and affection,") Additionally, the attempt to convey the property into a tenancy by the entireties, which, if Nicolet and Croker were married, could possibly protect the entire property, and not just a half interest, to Croker is evidence of an intent to shield the asset from the Commonwealth. The final badge of fraud was the attempted creation of a tenancy by the entireties available only to husband and wife when these people were not married until almost two years later.

The Commonwealth, having made a *prima facie* case, the burden shifted to the defendants to explain some non-fraudulent reason for the transfer. Here the only person who could explain his intent, Mr. Nicolet, never testified.

Ms. Croker's explanation that she was receiving the interest because of her monetary contributions was not sufficient to overcome the Commonwealth's case.

The court finds that the transfer was void and that the Commonwealth is entitled to so much of the fund as is covered by its lien.

Having heard the Commonwealth's evidence of the history of Nicolet's account, including the Commonwealth's application or non-application of assets transferred to it by Nicolet, the court is unsure of the exact amount of tax penalty and interest that is currently due the Commonwealth.

Counsel are requested to confer to determine the proper amount and send an order for disbursement of the fund held by the court and dismissal of the cause. Should agreement not be possible, a hearing should be set to determine the amount.

This matter is continued.